IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE ENGLISH STURGES, § | | |
| TDCJ #531214, § | | |
|   Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2841 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
|   Respondent. § | | |

## MEMORANDUM AND ORDER

  Petitioner Clarence English Sturges is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Sturges has filed a petition seeking federal habeas corpus relief from a state court conviction under 28 U.S.C. § 2254. He includes a supporting memorandum and he has also filed a motion to "transfer" copies of his state court records to his possession, which the Court construes as a request for discovery. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I. PROCEDURAL HISTORY**

  Sturges reports that he was convicted upon his 1989 guilty plea to robbery charges lodged against him in the 262nd District Court of Harris County, Texas (Cause No. 540910).

As a result, the trial court sentenced Sturges to serve thirty-five years in prison. Sturges did not appeal. He remains incarcerated in TDCJ.

In the pending federal habeas corpus petition, which is dated August 30, 2006, Sturges contends that he is entitled to relief from his 1989 conviction for the following reasons: (1) the indictment is fundamentally defective; (2) a stale conviction was used to enhance his sentence; (3) the grand jury foreman was not "legally qualified" to return the indictment; and (4) he was denied effective assistance of counsel at his guilty plea proceeding because his attorney failed to raise the foregoing objections. The claims presented by Sturges appear barred by the governing one-year statute of limitations on federal habeas corpus review. *See* 28 U.S.C. § 2244(d). Sturges is well aware of the limitations bar because a prior federal habeas corpus petition challenging the same conviction was dismissed previously for this reason. *See Sturges v. Cockrell*, Civil Action No. H-01-2133 (S.D. Tex. April 30, 2002). The Fifth Circuit denied Sturges' request for a certificate of appealability and the United States Supreme Court denied a petition for a writ of certiorari. *See Sturges v. Cockrell*, No. 02-20851 (5th Cir.), *cert. denied*, 540 U.S. 872 (2003). Accordingly, the pending petition is subject to dismissal for reasons discussed briefly below.

**II.    DISCUSSION**

Although the petition clearly appears barred by the governing statute of limitations, this is not the only procedural hurdle that Sturges fails to clear in this case. This proceeding is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for

2

prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The pending petition contains claims that could have been raised by Sturges previously and, moreover, the Court concludes further that the petition otherwise constitutes an abuse of the writ. Thus, the pending petition meets the "second or successive" criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C.

§ 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction as an unauthorized successive petition.

2. A certificate of appealability is **DENIED**.

3. The petitioner's motion to "transfer" copies of his state court transcript to his possession, which the Court construes as a request for discovery (Doc. # 3) is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **September 13, 2006.**

_____
Nancy F. Atlas
United States District Judge